UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFF CHAUNCEY and TWO C'S
HOLDINGS LLC,

                        Plaintiffs,

                                    **ORDER**

  - against -                                 No. 23-CV-6239 (CS)

H.O. PENN MACHINERY COMPANY, INC.,

                        Defendant.
------------------------------------------------------------x

CATHY SEIBEL, United States District Judge:

       When we first discussed the discovery schedule on September 18, 2024, I said I would build in extra time beyond the customary six months because I expected this case to involve discovery from third parties. I also said the parties should explore whether the parties in the Florida case would participate in a joint mediation. I then entered a scheduling order on September 27, 2024 with the dates the parties requested. (ECF No. 28.) At the conference on February 11, 2025, the parties represented that they were on track; that this case was further along than the Florida case; and that they would be issuing many third-party subpoenas. I made clear that I needed to be informed if either party was behind in producing discovery and that I did not want to hear in the summer that depositions had not been done because documents were not timely provided. When the parties asked for an extension on May 12, 2025, (ECF No. 41), they represented that written discovery was still outstanding, that they expected to take non-party depositions over the summer, and that they needed a sixty-day extension, (*id.* ¶¶ 7, 9-10). Despite the fact that the parties appeared to have disregarded their obligations as discussed at the

February 11, 2025 conference, I granted the requested extension but made clear there would not be another one, and directed the parties to confirm deposition dates. (ECF No. 42.)

Now that the extended deposition cutoff is a week away and the extended fact discovery cutoff is two months away, the parties claim, for the first time, that they believed discovery in the Florida case could be used to streamline this action. They provide no basis for that belief, which seems far-fetched given that that case has, by their own description, "moved at a slow pace" and is still in the written discovery phase, (ECF No. 45 at 2), and given the fact that all along they represented that they would take discovery of non-parties in this case. They also say they are awaiting the production of documents, (*id.*), which is puzzling given that they claimed in February that they were issuing third-party subpoenas, and, if they did not receive timely responses, they knew they had to bring that fact to my attention. They also represent that the Florida parties may wish to mediate, (*id.*), which I think is a good idea but which should have been explored back in September. In any event, there is time for mediation under the current scheduling order.

It seems clear that the parties are making the stay request at least in part to avoid the consequences of their disregard of my admonition in February that I did not want to hear in the summer that depositions had not occurred because of delays in document production and my admonition in May that they were to schedule depositions at that time. They seek in effect another discovery extension, even though I said that there would be no further extensions.

The application for a stay is denied. The parties are free to take any fact discovery to which they agree as long as it does not affect the fact discovery cutoff of September 29, 2025, and if there are efficiencies to be had from using discovery from one case in the other, they may agree with the Florida parties to use the discovery from this case in that case. The parties also

2

always have the option of consenting for all purposes to the jurisdiction of the Magistrate Judge, who is likely to be more open to an extension.

**SO ORDERED.**

Dated: July 25, 2025
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.