UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEFF CHAUNCEY and TWO C's MARINE
HOLDINGS, LTD.,                                             **ORDER**

                              Plaintiffs,     23 Civ. 6239 (CS)(JCM)

    -against-

H.O. PENN MACHINERY COMPANY, INC.,

                              Defendant.
------------------------------------------------------------X

        Plaintiffs Jeff Chauncey ("Chauncey") and Two C's Marine Holdings, Ltd. (collectively, "Plaintiffs") brought this action against Defendant H.O. Penn Machinery Company, Inc. ("H.O. Penn" or "Defendant") to recover damages for Defendant's alleged failure to diagnose and repair Plaintiffs' vessel. (Docket Nos. 1, 15). Presently before the Court is non-party Caterpillar Inc.'s ("Caterpillar") July 25, 2025 Motion to Quash Plaintiffs' Subpoena Duces Tecum and Ad Testificandum ("Motion"). (Docket No. 47). For the following reasons, Caterpillar's Motion is denied without prejudice.

### I. BACKGROUND

        On July 17, 2017, Chauncey was driving his vessel from Florida to Long Island, New York when he observed abnormal vibrations and an indicator warning light. (Docket No. 15 ¶ 10). Chauncey contacted a Caterpillar authorized mechanic from H.O. Penn to inspect and fix the vessel. (*Id.* ¶ 11). The mechanic said he could not find anything visibly wrong with the vessel and advised Chauncey that the vessel was safe to operate while awaiting the results of an oil sample taken from its engines. (*Id.* ¶ 15). Chauncey continued his trip but observed damage to the vessel's starboard engine when he arrived in Long Island. (*Id.* ¶¶ 16-17). The vessel later required six engine rebuilds due to the alleged negligence of the H.O. Penn mechanic, causing

Plaintiffs damages, including the cost of rebuilding, insurance for the vessel, crew members to care for the vessel, loss of use of the vessel, travel expenses, additional repairs, and decrease in value of the vessel. (*Id.* ¶¶ 18-47).

On June 26, 2020, Plaintiffs filed an initial complaint against H.O. Penn, Blanchard Machinery Co., Inc., Pantropic Power, Inc., and Caterpillar in the 17th Judicial Circuit in Broward County, Florida. (Docket No. 18-4). On May 17, 2023, the Honorable Michael Robinson of the 17th Judicial Circuit dismissed Plaintiffs' claims against H.O. Penn for lack of personal jurisdiction. (Docket No. 18-5).

Plaintiffs subsequently commenced this action in the Southern District of New York on July 19, 2023. (Docket No. 1). On June 26, 2025, Plaintiffs served a Subpoena Duces Tecum and Ad Testificandum ("Subpoena") on Caterpillar, a Delaware corporation with its principal place of business in Irving, Texas, seeking "documents and testimony [relating] to a C32 Marine Engine that Caterpillar manufactured in Georgia and sold to an independently owned and operated dealer in the State of Washington in 2005." (Docket Nos. 47-5; 48 at 4). Caterpillar filed the Motion on July 25, 2025, seeking to quash the Subpoena. (Docket No. 47). On August 8, 2025, Plaintiffs opposed the Motion. (Docket No. 51). On August 15, 2025, Caterpillar replied. (Docket No. 52).

## II. DISCUSSION

Under Federal Rule of Civil Procedure 45(a)(2), a "subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). "For subpoenas involving the 'production of documents, electronically stored information, or tangible things,' the subpoena may command compliance 'at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.'" *In re Smerling Litig.*, 21 Civ. 2552 (JPC), 2022 WL 684148, at *1

(S.D.N.Y. Mar. 8, 2022) (quoting Fed. R. Civ. P. 45(c)(2)(A)). "When the commanded party objects to a subpoena, 'the court for the district *where compliance is required* must quash or modify a subpoena that' does not meet certain requirements." *Id.* at *2 (emphasis added) (quoting Fed. R. Civ. P. 45(d)(3)); *see also Vargas v. DiPilato*, 21 Civ. 3884 (ER), 2025 WL 2080508, at *2 (S.D.N.Y. July 24, 2025). "The purpose of this requirement is to protect non-parties subject to subpoenas from the burdens of litigating in the issuing district rather than in their home district and to ensure that the court adjudicating a subpoena dispute has personal jurisdiction over the non-party." *Arrowhead Cap. Fin., Ltd. v. Seven Arts Ent., Inc.*, 14 Civ. 6512 (KPF), 2021 WL 411379, at *2 (S.D.N.Y. Feb. 5, 2021) (citations omitted).

Here, Caterpillar asks the Court to quash Plaintiffs' Subpoena because the Court lacks personal jurisdiction over Caterpillar. (Docket No. 48). Generally, "[w]hile this Court was properly named as the issuing court on the [Subpoena], 'it is not the proper court to receive [Caterpillar's] motion to quash." *In re Smerling*, 2022 WL 684148, at *2 (quoting *Arrowhead*, 2021 WL 411379, at *3). Caterpillar's principal place of business is in Irving, Texas. (Docket No. 47-3 at 2; Docket No. 48 at 4). Subpoenas issued to a non-party entity require compliance within 100 miles of the entity's principal place of business. *See Marshall Project, Inc. v. City of Cleveland*, 24-MC-309 (VEC), 2024 WL 4589667, at *3 (S.D.N.Y. Oct. 28, 2024) (collecting cases); *see also Arrowhead*, 2021 WL 411379, at *3; *see also In re Smerling*, 2022 WL 684148, at *2. Therefore, the Subpoena issued to Caterpillar requires compliance in, or within 100 miles of, Irving, Texas. *See In re Smerling*, 2022 WL 684148, at *1-2. Because Irving, Texas, falls within the jurisdiction of the Northern District of Texas, Caterpillar "should have brought its [M]otion" in the United States District Court for the Northern District of Texas. *See In re Smerling*, 2022 WL 684148, at *2; *Arrowhead*, 2021 WL 411379, at *3.

Thus, since Caterpillar filed its Motion in the court where the litigation is pending instead of the court where compliance is required, "pursuant to Rule 45, this Court lacks the authority to modify or quash the subpoena." *Vargas*, 2025 WL 2080508, at *3. As a result, the Motion must be denied. *See id.* (citing *Greater Chautauqua Federal Credit Union*, 1:22-cv-2753 (MKV), 2024 WL 497521, at *1 (S.D.N.Y. Jan. 3, 2024)). Accordingly, Caterpillar's Motion is denied without prejudice.

## III.  CONCLUSION

For the foregoing reasons, the Court denies without prejudice Caterpillar's Motion to Quash. The Clerk of Court is respectfully requested to terminate the pending Motion (Docket No. 47).

Dated:   August 19, 2025
         White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge